UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CRAIG BOUSHEE,

    Plaintiff,

       v.                                                No. 3:17-cv-2155(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## **RULING ON PENDING MOTIONS**

This is an administrative appeal following the denial of the plaintiff, Craig Bouchee's, application for Title II disability insurance benefits ("DIB"). Plaintiff, who is *pro se*, now moves for an order reversing the decision of the Commissioner of the Social Security Administration ("the Commissioner"), or in the alternative, an order remanding his case for a rehearing. [Doc. # 21]. Defendant, Acting Commissioner of the Social Security Administration, has responded by moving to have this Court to enter judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of this case to the Commissioner for further action. [Doc. # 25]. Because the Court finds that the record in this case is incomplete, the matter is remanded for additional administrative proceedings.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or

when the administrative law judge committed legal error. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has found that the ALJ erred in finding that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment, given evidence of Plaintiff's psychiatric condition. Further proceedings are necessary so that the ALJ can review the record taking into account the evidence that documents Plaintiff's mental impairments. Upon remand, the ALJ should further develop the record by, at a minimum, attempting to contact Plaintiff's treatment providers who have longitudinal knowledge of claimant's impairments. After further developing the record, the ALJ shall re-weigh the opinion evidence. The ALJ is also instructed, upon remand, to consider how the nature of Plaintiff's mental impairments may have affected his willingness or ability to seek treatment. The ALJ shall also address Plaintiff's requests for disabled widowers' benefits and for reopening of his prior 2004 disability cessation determination.

When, as here, there are gaps in the administrative record such that "further findings would so plainly help to assure the proper disposition of [Plaintiff's] claim," the matter should be remanded for additional proceedings. *See Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

This is not a Recommended Ruling. The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. *See* Fed. R. Civ. P. 73(b). The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this  23rd  day of July, 2018, at Bridgeport, Connecticut.

                                                /s/ *William I. Garfinkel*
                                                WILLIAM I. GARFINKEL
                                                United States Magistrate Judge